## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| NATIONAL ROOFING INDUSTRY PENSION FUND, | ) ) ) |
| TRUSTEES OF THE NATIONAL ROOFING INDUSTRY PENSION FUND, | ) ) ) |
| ROOFERS RESEARCH AND EDUCATION TRUST, | ) ) ) |
| TRUSTEES OF THE ROOFERS RESEARCH AND EDUCATION TRUST, | ) ) ) |
| Plaintiffs, | ) |
| V. | ) CASE NO. _____ |
| WOOD ROOFING COMPANY, INC. Registered Agent: Nathan A. Russell 700 Second Ave., Des Moines, Iowa 50309 | ) ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

### NATURE OF THE CASE

1. This Complaint brings an action to collect delinquent fringe benefit contributions from Defendant that are due and owing pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and pursuant to collective bargaining agreement(s) (hereinafter "CBAs") with the Plaintiffs.

### PARTIES

2. Plaintiff National Roofing Industry Pension Fund (hereinafter "Plaintiff Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. §1002(3) and maintains its principal place of administration at 3001 Metro Dr., Suite 500, Bloomington, Minnesota, 55425.

1

The Trustees of the National Roofing Industry Pension Fund are a proper party to this action based upon their official capacity and fiduciary duties to the Fund, including the collection of delinquent contributions owed to the Fund.

3. Plaintiff Roofers Research and Education Trust (hereinafter "Plaintiff Education Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. §1002(3). Plaintiff Education Fund and maintains its principal place of administration at 3001 Metro Dr., Suite 500, Bloomington, Minnesota, 55425, and is a legal entity which may sue or be sued pursuant to 29 U.S.C. § 1132(d). The Trustees of the Plaintiff Education Fund are a proper party to this action based upon their official capacity and fiduciary duties to the Fund, including the collection of delinquent contributions owed to the Fund.

4. Defendant Wood Roofing Company (hereinafter "Wood Roofing") is a corporation organized and existing under the laws of the State of Iowa, and is an employer within the meaning of 29 U.S.C. § 1002(5). Defendant Wood Roofing maintains its principal place of business at 5225 NE 17th Street, Des Moines, Iowa 50313.

## JURISDICTION

6. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§185(c), 1132, and 1145; and also pursuant to 28 U.S.C. §§ 1331 and 1367(a).

7. Venue is appropriate in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the State of Iowa, and Defendant's principal place of business is in Des Moines, Iowa.

## CAUSE OF ACTION – DELINQUENT CONTRIBUTIONS

8. Plaintiffs hereby incorporate by reference paragraphs 1 through 7 above as if set forth fully herein.

9. On or about June 13, 2012, Defendant Wood Roofing became signatory to a collective bargaining agreement (hereinafter the "CBA") with the United Union of Roofers, Waterproofers, and Allied Workers, Local 142. The CBA is attached hereto as Exhibit A.

10. Each Plaintiff Fund was established and operates pursuant to a declaration of Trust (hereinafter "Trust Agreement"). These Trust agreements are incorporated by referenced into, and are a material part of, the CBA.

11. Among other duties imposed upon Defendant Wood Roofing under the CBA, Defendant Wood Roofing is obligated under the CBA and incorporated Trust Agreements to timely submit reports and fringe benefit contributions to the Plaintiff Funds each month, in such amounts as determined by the number of hours of compensation which the employer is obligated to pay to an employee covered by the CBA, at the rates established for the Plaintiff Funds in the CBA and incorporated Trust Agreements.

12. The CBA requires contributions to the Plaintiff Pension Fund to be made on or before the fifteenth (15th) day of the month following the month at which the work was performed.

13. The CBA requires contributions to the Plaintiff Education Fund to be made on or before the tenth (10th) day of the month following the month at which the work was performed.

14. The CBA provides that liquidated damages in the amount of 10%, and interest in the amount established by statute shall be due and payable on delinquent contributions to the Plaintiff Pensions Fund.

15. The incorporated Trust Agreement further provides that delinquent contractors shall be obligated to pay the reasonable attorneys' fees and costs of any litigation brought against such contractor.

16. The CBA and Incorporated Trust Agreement provide that participants which fail to pay contributions or amounts to the Education Fund within thirty (30) days of the due date for such contributions shall be liable for interest as well as all expenses of collection incurred by the Fund, including attorneys' fees and court costs.

17. The CBA and incorporated Trust Agreements further provide that the Trustees shall be entitled to perform periodic audits of a signatory employer's payroll books, records, papers, and reports as may be necessary to determine whether an employer is fully complying with its contribution obligations to the Plaintiff Funds.

18. At all times relevant to this action, Defendant Wood Roofing has employed individuals who have performed work covered by the CBA.

19. Defendant Wood Roofing failed to timely remit reports and/or contributions to the Funds for the months of June and July 2018. Per reports submitted by Defendant Wood Roofing, the delinquency for such months totaled $37,184.72, and included principal contributions in the amount of $27,028.00, liquidated damages in the amount of $6,702.37, and interest in the amount of $1,827.04

20. On or about October 15, 2018, Defendant Wood Roofing began paying the above delinquency in monthly installment payments.

21. Defendant Wood Roofing made a total of eleven installment payments towards the above delinquency, in the total amount of $37,184.76.

22. However, during the installment payment arrangement, Defendant Wood Roofing further became delinquent by untimely remitting contributions during to the Funds during the months of December 2018 through March 2019, and May 2019 through July 2019.

23. As a result of the above untimely payments, pursuant to the CBA and Trust Agreements, interest and liquidated damages accrued on the contributions owed for such months. Defendant Wood Roofing was informed of such delinquency.

24. To date, Wood Roofing owes the remaining interest on the delinquency for the above time period in the amount of $4,144.38, as well as any attorneys' fees which the Funds have incurred as a result of such delinquency.

25. In addition to the above delinquency, in or around April 2019, an audit of Defendant Wood Roofing was performed by Legacy Professionals, LLP for the reporting period of July 1, 2015 through March 31, 2019.

26. As revealed by the audit, Defendant Wood Roofing underreported hours owed to the Plaintiff Pension Fund and Education Fund for the time period of July 1, 2015 through March 31, 2019, in the total amount of $36,004.57, including $31,870.09 in principal contributions, $3,187.01 in liquidated damages, and $1,411.47 in interest. Defendant Wood Roofing was informed of the results of the audit.

27. On or about May 21, 2019, Defendant Wood Roofing remitted a check to the Plaintiff Funds in the amount of $30,136.97, leaving a balance towards the above principal contributions in the amount of $1,733.12, as well as all liquidated damages and interest.

28. In addition to the above audit delinquency, the administrator for the Plaintiff Funds discovered that Defendant Wood Roofing had underreported contributions to the Funds for the months of January 2019 and April 2019, in the total amount of $654.91.

29. On or about May 21, 2019, the administrator informed Defendant Wood Roofing of such delinquency.

30. To date, payment for the above underreported hours for January 2019 and April 2019 have not been received.

31. In addition to the above underpayments, Defendant Wood Roofing was delinquent in remitting principal contributions for the months of May, June, and July 2019. Contributions for the month of May and June 2019 were not received until September 24, 2019, while contributions for July 2019 were not received until October 15, 2019. As such, pursuant to the CBA and Trust Agreements, Defendant Wood Roofing is liable for interest, liquidated damages, and any attorneys' fees and costs associated with collection of such amounts.

32. Defendant Wood Roofing has further failed to remit contributions for the months of August through December 2019.

33. According to reports submitted by the Company for the months of August through December 2019, principal contributions owed to the Plaintiff Funds totals $72,182.47. The reports are attached as Exhibit B.

34. Additionally, pursuant to the CBA and Trust Agreements, Defendant Wood Roofing is liable to the Funds for liquidated damages on such delinquent contributions for the months of August through December 2019, in the amount of $7,218.12, as well as interest in the amount of $3,926.84.

35. Defendant Wood Roofing is further liable in an amount, presently unknown but to be determined in this action, for contributions due and owing for hours of unreported work performed by Defendant Wood Roofing since December 2019 to present, and for such additional future months for which Defendant Wood Roofing fails to submit reports or make contributions during the pendency of this action, and for which discovery may be conducted to determine the amount owed.

36. Defendant Wood Roofing is further liable for the costs of collection of delinquent contributions, including attorneys' fees and the costs of any action.

37. The Plaintiff Funds have incurred and will continue to incur attorneys' fees and other costs in their efforts to remedy Defendant's failure to pay fringe benefit contributions. The Plaintiff Funds are entitled to recover these fees and costs pursuant to the terms of the CBA, Trust Agreements, and by law.

WHEREFORE, Plaintiffs pray that this Court enter and Order:

(1) Finding that Defendant Wood Roofing is liable to Plaintiffs and entering judgment against Defendant and in favor of Plaintiffs accordingly;

(2) Finding that Defendant Wood Roofing is liable to Plaintiffs for delinquent contributions, liquidated damages, and interest in the total amount of $94,458.44 representing the following time periods in the following amounts:

   (a) For the time period of July 1, 2015 through March 31, 2019, delinquent contributions in the total amount of $6,331.60 including $1,733.12 in principal contributions, $3,187.01 in liquidated damages, and $1,411.47 in interest;

   (b) For the time period of January 2019 and April 2019, delinquent contributions resulting from an underpayment in the amount of $654.91;

   (c) For the time period of May 2019 through December 2019, delinquent contributions in the total amount of $83,327.55, including principal contributions in the amount of $72,182.47, liquidated damages in the amount of $7,218.24, and interest in the amount of $3,926.84.

  (d) For the time period of December 2018 through March 2019, and May 2019 through July 2019, interest on delinquent contributions in the amount of $4,144.38.

(3) Ordering Defendant Wood Roofing to pay any and all amounts which may be determined to be due and owing for covered work performed from December 2019 to present, and for subsequent months following the filing of this action for which Defendant may fail to submit reports and/or contributions, plus liquidated damages, interest, and other damages as may be determined to be due as of the date judgment is entered, and allowing Plaintiff Funds to perform an audit pursuant to the CBA and Trust Agreements as may be necessary to determine such further delinquent amounts;

(4) Awarding Plaintiffs their costs of this action and reasonable attorneys' fees attributable to the collection of delinquent contributions determined to be due and owing to Plaintiffs for the above time periods, as well as any interest which may continue to accrue on such delinquent contributions; and

(5) Granting Plaintiffs such other relief that this Court deems just and proper.

           Respectfully Submitted,

           **BLAKE & UHLIG, P.A.**

           /s/ Michael E. Amash
           Michael E. Amash
           Iowa Bar # AT0011604
           753 State Ave, Suite 475
           Kansas City, KS 66101
           Phone: (913)321-8884
           Fax: (913)321-2396
           Email: mea@blake-uhlig.com

           **ATTORNEY FOR PLAINTIFFS**